IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3139-FL

| | | |
|---|---|---|
| CASEY RAFAEL TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH LASSITER and VAN MCCULLOUGH, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on plaintiff's motions for entry of default (DE 24, 25) motion for an extension of time to effect service of process (DE 43), and motion for a preliminary hearing pursuant to Federal Rule of Civil Procedure 12(d) (DE 48). Also before the court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) (DE 39) filed by defendant Kenneth Lassiter ("Lassiter"), to which plaintiff responded. In this posture, the issues raised are ripe for determination.

The court begins with Lassiter's motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process and plaintiff's motion for an extension of time to effect service. The court's docket reflects that Lassiter was properly served subsequent to the filing of his motion to dismiss. See (DE 49). Because Lassiter now has been properly served, his motion to dismiss and plaintiff's motion for an extension of time to effect service of process are DENIED as MOOT.

The court now turns to plaintiff's motions requesting that the Clerk of Court make an entry of default as to defendants Lassiter and Van McCullough ("McCullough"). Rule 55(a) provides:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Here, in response to the court's March 13, 2014, show cause order defendants Lassiter and McCullough argue that they were not properly served with the summons and complaint in this case. In support of their argument, defendants direct the court's attention to the fact that the return receipts for service on these defendants were not signed, which defendants state indicates that neither defendant or neither defendants' respective agents accepted service on their behalf. See (DE 17.) Given the fact that Lassiter and McCullough[1] have presented evidence to suggest that they were not properly served with the summons and complaint, the court DENIES plaintiff's motions for entry of default.

Finally, the court considers plaintiff's motion for a preliminary hearing pursuant to Rule 12(d). Rule 12(d) provides that if, on a motion pursuant to Rule 12(b)(6), matters outside of the pleadings are presented to and not excluded by the court, the motion must be construed as one pursuant to Rule 56. Here, there is no pending motion pursuant to Rule 12(b)(6), and plaintiff's motion is DENIED as MOOT.

In summary, plaintiff's motions for entry of default (DE 24, 25) are DENIED and plaintiff's motion for an extension of time to effect service of process (DE 43) and motion for a preliminary

---

[1] The court notes that although McCullough argued insufficient service of process in response to plaintiff's motions for entry of default, McCullough did not file a motion to dismiss plaintiff's complaint for failure to obtain service pursuant to Rule 12(b)(5). McCullough now has filed an answer in this action, and has waived any defense or objection to service. See Fed. R. Civ. P. 12(b)

hearing (DE 48) are DENIED as moot. Lassiter's motion to dismiss (DE 39) is DENIED as MOOT.

SO ORDERED, this the 5th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

3