IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3139-FL

| | | |
|---|---|---|
| CASEY RAFAEL TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH LASSITER, VAN | ) | |
| MCCULLOUGH, A. BLANKS, and | ) | |
| NURSE JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on the North Carolina Attorney General's response to the court's February 24, 2015, show cause order. Also before the court is plaintiff's motion to determine the sufficiency of defendants' discovery responses (DE 72), which the court construes as a motion to compel discovery. The motion was fully briefed. In this posture, the issues raised are ripe for determination.

A.      Response to the February 24, 2015, Show Cause Order

On February 24, 2015, the court entered an order directing the Attorney General to show cause as to his failure to respond to the court's December 29, 2014, order which directed the Attorney General to assist plaintiff with obtaining the name of the Jane Doe nurse referenced in a medical note attached to plaintiff's November 12, 2014, amended pleading. The Attorney General responded to the court's show cause order and identified the nurse Jane Doe defendant as nurse Sherry McFeathers ("McFeathers"). The Attorney General additionally has sufficiently shown cause

as to his failure to respond to the court's December 29, 2014, order. The Clerk of Court is

DIRECTED to add McFeathers as a defendant in this action.

B.      Motion to Compel

Plaintiff seeks a court order compelling defendant to provide him with certain discovery

materials. Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that
> is relevant to any party's claim or defense—including the existence,
> description, nature, custody, condition, and location of any
> documents or other tangible things and the identity and location of
> persons who know of any discoverable matter. For good cause, the
> court may order discovery of any matter relevant to the subject matter
> involved in the action. Relevant information need not be admissible
> at the trial if the discovery appears reasonably calculated to lead to
> the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to

effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S.

153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant may not use

discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his

opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion"

to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.,

Inc., 43 F.3d 922, 929 (4th Cir. 1995).

The primary issue in this case is plaintiff's allegation that defendants Kenneth Lassiter, Van

McCullough, A. Blanks, A. Banks, and nurse Sherry McFeathers violated his constitutional rights

in connection with plaintiff's removal from his kosher meal plan and placement on the special

management "nutraloaf" meal plan in August 2012. Plaintiff, in his motion to compel, requests that

defendants provide him with all of the Department of Public Safety's policies governing nutraloaf

2

in the year 2012, his medical records, and "all reports . . . related to plaintiff" between August 23, 2012 and September 5, 2012. See ((DE 72), p. 4.) Defendants' response to plaintiff's motion to compel reflects that they provided plaintiff with the referenced policies, medical records, and reports. See ((DE 79), Attach, pp. 6–11; 6-125; 253-261.) Thus, the court DENIES plaintiff's motion to compel as to these discovery requests.

The court now turns to plaintiff's request that defendants provide plaintiff the disciplinary report created for inmate Bryant Burgess, which arose out of the alleged incident between plaintiff and inmate Burgess. Defendants objected to this request arguing that inmate Burgess' incident report is irrelevant. The court, however, finds that the requested material is relevant to plaintiff's action. Based upon the foregoing, plaintiff's motion to compel is GRANTED as to this discovery request.

In addition to plaintiff's document requests, plaintiff asserts that defendants failed to adequately respond to his requests for admissions. Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36 allows a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to [] facts, the application of law to fact, or opinions about either; and [] the genuineness of any described documents."[1] Fed. R. Civ. P. 36(a). In making requests for admissions, "the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." Susko v. City of

---

[1] Requests for admissions are not a discovery device. Erie Ins. Property & Cas. Co. v. Johnson, 272 F.R.D. 177, 184 (S.D.W. Va. Dec. 21, 2010). As a result, the court addresses plaintiff's request for admissions separately from plaintiff's motion to compel.

Weirton, No. 5:09-CV-1, 2010 WL 1881933, at *3 (N.D.W. Va. May 7, 2010) (internal quotation omitted). Further, requests for admissions differ from interrogatories in that interrogatories are intended "to obtain simple facts, to narrow the issues by securing admissions from the other party, and to obtain information needed in order to make use of the other discovery procedures . . . Interrogatories can be a simple mode of obtaining the names and addresses of persons having knowledge of pertinent facts, or of securing information about the existence of documentary evidence[.]" Erie Ins. Property & Cas. Co. v. Johnson, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) (citing Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 3d § 2163; see also, 23 Am. Jur.2d Depositions and Discovery § 117 (stating that a party serves interrogatories for the purpose of "ascertaining facts and procuring evidence or securing information as to where pertinent evidence exists.")).

In this case, for many of plaintiff's requests for admissions, plaintiff has not met his burden of fashioning his request for admissions in a manner such that they can be answered with a simple admit or deny without an explanation. Despite such failure, defendants have responded to plaintiff's requests for admissions. Accordingly, the court OVERRULES plaintiff's objections to defendants' responses to plaintiff's requests for admissions.

In summary, plaintiff's motion to compel (DE 72) is GRANTED in part and DENIED in part. Plaintiff's motion is GRANTED as to plaintiff's request for inmate Burgess' disciplinary report, and is DENIED as to plaintiff's remaining discovery requests. The court OVERRULES

4

plaintiff's objections to defendants' responses to plaintiff's requests for admissions.  The Clerk of

Court is DIRECTED to add defendant McFeathers as a defendant in this action.

SO ORDERED, this the 19th day of March, 2015.

LOUISE W. FLANAGAN
United States District Judge

5